## FLOYD FRYE, Respondent, HOBERT-LEE TIE CO., Appellant.

Springfield Court of Appeals, January 1, 1921.

**MASTER AND SERVANT:** Injuries from Runway Selected by Workmen Held not Actionable. Where government inspector and plaintiff and others were loading ties purchased from defendant on cars, defendant was not liable for injuries to plaintiff due to a defective runway selected by plaintiff, the inspector, and others engaged in loading ties, the whole matter of loading being left to the loaders and the inspector, and the runway used being chosen from the yard of another company than defendant, and plaintiff being paid by defendant a specified amount for each tie loaded by him.

Appeal from Circuit Court of Howell County.—*Hon. E. P. Dorris,* Judge.

REVERSED.

*Greene & Greene* and *Mann, Todd & Mann* for appellant.

(1) Plaintiff's petition does not in any way connect his fall from the board with the negligence alleged. This question may be raised for the first time on appeal. Carpenter v. St. Joseph, 263 Mo. 705, 711; Chandler v. Railroad, 251 Mo. 592-599; Luck Const. Co. v. Railroad, 207 S. W. 840; McQuitty v. Wilhite, 218 Mo. 586, 591. (2) Plaintiff's testimony develops the fact that he, with his fellow workmen, contracted to load the ties for a fixed compensation, retaining control of the number of men employed, the execution of the work, the time to be consumed in the loading, and they were not subject to the orders of this defendant in respect to the details of the work. Press v. Penny, 242 Mo. 98, 109; Crenshaw v. Ullmann, 113 Mo. 633, 638; Long v. Moon, 107 Mo. 334, 339; Gayle v. Foundry Co., 177 Mo. 472, 446; Peters v. Railroad, 150 App. 721, 735;

O'Hara v. Gas Light Co., 131 App. 428, 435. (3) Or if, on any possible theory, it can be held that it was the duty of defendant to furnish a run way, then the selection thereof was made by the plaintiff or his fellow servant, it was such a selection as defendant might reasonably have left to his choice and dscretion, and his injury being the result of his selection the defendant is not liable. Williams v. Ranson, 234 Mo. 55; Forbes v. Dunnavant, 198 Mo. 193, 208; Steffenson v. Roehr Co., 136 Mo. App. 225, 228; Henson v. Packing Co., 113 Mo. App. 618, 621; Kellerman v. Telegraph Co., 189 Mo. App. 506; Phipps v. Pryor, 195 S. W. 532, 535; Herbert v. Wiggins Ferry Co., 107 Mo. App. 287; Hulse v. Telephone Co., 164 Mo. App. 126; Mann v. Const. Co., 151 Mo. App. 586; Humphreys v. Lusk, 196 Mo. App. 442; Powell v. Walker, 185 S. W. 532.

BRADLEY, J.—Plaintiff was injured while engaged in loading ties into a box car from defendant's tie yard at Ava, Mo., and sued to recover for his injuries. The cause was tried before the court and a jury, and resulted in a judgment in plaintiff's favor. Defendant's motion for a new trial was overruled and it appealed.

Plaintiff, with three other men, on February 19, 1919, was engaged in loading ties from defendant's tie yard into a box car at $2\frac{1}{4}$ cts., and $3\frac{1}{2}$ cts., per tie according to the size of the tie. The ties were carried from the ground to the car up a runway from which plaintiff fell. It is the alleged defective condition of this runway upon which plaintiff bottoms his case. This runway was composed of two boards about fourteen feet long and twelve or fourteen inches wide, and two and one half inches thick placed end to end on a bench midway between the foot of the runway and the car door. The bench was made of two inch oak and was eight or ten inches wide at the top and about two and one half feet high. There was a cleat across the center of the bench, and the ends of the boards were braced against this cleat. Plaintiff while walking up the lower board carrying on his shoulder a tie weighing about 160

pounds, slipped from the board, and the tie fell on him in such manner as to fracture the lower end of the right femur and the knee cap.

The negligence charged is that one of the boards in the runway was cracked open and that the other one had a slivered end and edge, and that the bench was constructed of old and brash lumber insecurely nailed together, and that while plaintiff was using the alleged defective runway under the order of defendant, and within the scope of his employment, said boards and bench turned and gave way causing plaintiff's foot to slip, resulting in his injury. The answer is a general denial.

Defendant contends that its demurrer should have been sustained. There are other assignments, but since the disposition of the assignment based on the demurrer disposes of the case, we will consider only that assignment. Defendant bases its demurrer on two grounds. First, that the evidence conclusively shows that defendant and the other members of the crew of tie loaders were independent contractors, and that the relation of master and servant did not exist, and that in no event is defendant liable. Second, that if the relation of master and servant did exist, there is no proven breach of any duty. The nature of the assignment based on the demurrer requires a further statement of the facts, especially concerning the runway. The record discloses that at Ava there were two tie yards, one belonging to defendant and the other to the Western Tie & Timber Company. The latter company is in no way connected with the defendant, but is a competing company. Both of these tie yards are located near the station of the Ozark & Southern Railway Company at Ava. The Western Tie & Timber Company yard is located on the north side of the railroad track, and the defendant's yard is located on the south side of the track. Each of these companies had a buyer at Ava. H. E. Bash was the buyer for the Western Tie & Timber Company and J. J. Hyde was the buyer for the defendant. The record shows that Hyde, defendant's buyer, had nothing to do with

selling ties; that his duty was confined to buying ties from farmers, or those having ties for sale. Plaintiff was injured in February, 1919. Defendant had opened its tie yard at Ava in September, 1918. The ties being loaded when plaintiff was injured were the first ones defendant had loaded since establishing its yard at Ava. The defendant and the Western Tie & Timber Company had sold-some ties to the United States Government, and a government inspector was sent to Ava, and such ties as were approved by this inspector were loaded. The government inspector arrived at Ava some few days before plaintiff was injured and first inspected and loaded ties from the yard of the Western Tie & Timber Company. The same crew of loaders, including plaintiff, loaded the ties from the Western Tie & Timber Company yard. After loading several days from the Western Tie & Timber Company yard, the inspector and crew moved over to defendant's yard. No one gave the inspector or crew any direction about loading from defendant's yard. It seems that the inspector exercised his own judgment as to what yard he would load from. When they changed yards, the crew brought with them the boards and bench which went to make up the runway. This runway was the property of Bash, the agent of the Western Tie & Timber Company. The crew made no request of Bash to borrow the runway or to take it to the defendant's yard. They had loaded several days on defendant's yard before plaintiff was injured, and during this time defendant's buyer knew that they were loading, and presumably knew that they were using this runway, but, as stated, this buyer had nothing to do with the selling and loading, and at no time was he consulted. The whole matter of loading seems to have been left to the loaders and the inspector. The loaders received 2¼ and 3½ cents per tie according to size, and the defendant paid for the loading, making the check to some one of the loading crew when a car was loaded, and when the check was cashed, the crew divided the money among themselves according as each individual had loaded.

It seems to us clear that defendant had nothing to do with furnishing this runway. It furnished nothing, and was not consulted about the runway that the crew used. Evidently the crew made its own selection, and the defendant cannot be held responsible for something it had no chance or opportunity to act concerning. Plaintiff is not represented here, and we are not advised from the record as to the custom or duty of tie companies to furnish the necessary appliances for loading, but if it be conceded that it was the duty of defendant to furnish the runway, the fact still remains that plaintiff made his own selection of a runway without in any manner consulting defendant, and granting that the runway was defective, and such caused plaintiff's injury, yet plaintiff cannot complain since he made his own selection in a case where it was not unlawful for him to do so. [Williams v. Ranson, 234 Mo. 55, 136 S. W. 349.] Defendant cites a number of cases holding in effect that under such circumstances as here there is no liability. We do not deem it necessary to go into the assignment raising the question of the sufficiency of the evidence to support the alleged defective condition of the runway, but we merely observe in passing that plaintiff's injury appears to have been caused as much by accident as any other cause. The judgment cannot stand, and it is therefore reversed.

*Sturgis, P. J.,* and *Farrington, J.,* concur.